UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA CRISCO, et al.,

    Plaintiffs,

v.

FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, and FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendants.

No. C 19-07320 WHA

**ORDER RE STIPULATION TO SET BRIEFING SCHEDULE**

    By stipulation, the parties request a briefing schedule to guide prospective motions for partial summary judgment limited to purely legal, insurance coverage issues. Early resolution of the legal issues, the parties agree, would be in the best interest of the elderly plaintiffs displaced by fire damage to their mobile homes — the insured property at issue here — during the 2017 Sonoma Complex fires.

    The parties propose plaintiff bring one motion followed by defendants' opposition *and an additional* motion from defendants "addressing the insurance coverage issue *raised by [p]laintiffs' motion*" (Dkt. No. 35) (emphasis added). Briefing would extend into September, defendants having the final reply, followed by a hearing "as early as possible" within the month of September. The parties would then have the remaining discovery and dispositive motion deadlines extended by a month and a half.

While the parties are free to bring early Rule 56 motions, partial or not, the proposed schedule will not be blessed. The parties need not bring two separate, fully-briefed motions on the same insurance coverage issues, particularly given that such motions would be limited to purely legal issues and leave open the possibility of further dispositive motions. Given that the parties agree that early resolution of the contemplated legal issues is in plaintiffs' best interest, plaintiffs should bring their motion as soon as they see fit. Plaintiffs' motion will be heard on the standard 35-day track.

Similarly, that the parties agree that early resolution of this action is in plaintiffs' best interest urges *against* extending the remaining deadlines due to the proposed motion practice. In *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), the Supreme Court cautioned that "if there is even a fair possibility that [a] stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *See also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Neither side makes a showing of hardship or inequity here. Being required to defend a suit, without more, does not constitute a clear case of hardship or inequity to justify a stay. *Ibid.* If plaintiffs file their motion within the next two weeks, the contemplated legal issues will be resolved by the end of August. Even if the action continues into September, any discovery taken in the meantime will likely aid the early settlement of plaintiffs' claims.

For the reasons stated herein, the stipulation is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 8, 2020.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE